Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
KRYSTAL SCHNEIDER

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL SCHNEIDER,<br><br>   Plaintiff,<br><br>vs.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>   Defendant, | Case No.: '22CV1304 BEN AHG<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND (3) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES
### INTRODUCTION

1. KRYSTAL SCHNEIDER (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against ALLIANCEONE RECEIVABLES MANAGEMENT, INC. (hereinafter as "ALLIANCEONE"), (hereinafter as "Defendant" or "AllianceOne"), pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS")

and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act Cal. Civ. C. §§ 1788-1788.32 ("RFDCPA"), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system.  The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1]  Cal. Civ. Code § 1877.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt

---

[1] CA Civil Code §§ 1788.1(a)-(b)

- 2 -

Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

4. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

6. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered— and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

7. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

8. This action is based on Defendant's violations of the FDCPA, RFDCPA, and TCPA.

9. This Court has jurisdiction over both Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under both the

*Schneider v. AllianceOne Receivables Management, Inc.. - Complaint for Damages*

FDCPA and TCPA.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA and FDPCA claims in this action, that they form part of the same case or controversy.

11. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

12. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

13. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

15. Defendant ALLIANCEONE is a Delaware Corporation whose headquarters is located in Pennsylvania. Defendant ALLIANCEONE's primary business purpose is the servicing and collection of debt on behalf of its clients.

16. Defendant ALLIANCEONE regularly attempts to collect using mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

17. When individuals owe ALLIANCEONE's clients debts for defaulted payments on consumer loans and credit cards, and other similar obligations, Defendant

ALLIANCEONE collects on those consumer debts through the mail, electronic communication, and telephone. Therefore, Defendant ALLIANCEONE is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

18. Defendant ALLIANCEONE is, and all times mentioned herein, was a corporation and "person," as defined by 47 U.S.C. § 153(39).

19. At all times relevant hereto, Defendant ALLIANCEONE was the agent of TD BANK, or alternatively, another yet-unknown creditor, acting within the scope of its agency relationship by using a instrumentality of interstate commerce and/or the mails in ALLIANCEONE's business, in which the principal purpose of which is the collection of debts. Defendant ALLIANCEONE regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to its clients. Therefore, Defendant ALLIANCEONE is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(5).

20. Cal. Civ. Code § 1877.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

21. At all times relevant hereto, Defendant ALLIANCEONE used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

22. This case involves money, property, or their equivalent, due, or owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction." The debt collected upon by ALLIANCEONE is an obligation incurred primarily for personal, family, or household purposes, and a transaction between a natural person and another person in which property, services, or

money is acquired on credit by that natural person from the other person primarily for personal, family, or household purposes. Thus, this action arises out of a "debt" and "consumer debt" as those terms are defined by 15 U.S.C. § 1692(a)(5) and Cal. Civ. Code §1788.2(f) respectively.

## GENERAL ALLEGATIONS

23. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

24. Prior 2020, Plaintiff was issued a retail consumer credit account believed to be by TD BANK (hereinafter referred to as the "Credit Account"), for a Target retail store credit card. The Credit Account was issued, serviced, and originally collected upon by Defendant ALLIANCEONE, on behalf of its client.

25. Plaintiff made payments toward the Credit Account when she took it out and maintained good standing until late 2020, when Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments to the Credit Account.

26. Upon going into default, the original creditor retained Defendant ALLIANCEONE to collect on the Credit Account on their behalf as their agent.

27. Defendant ALLIANCEONE acted as the authorized agent of the original creditor for the express purpose of debt collection. All acts in furtherance of collecting on the Credit Account were within the scope of that agency relationship.

28. Beginning in approximately November of 2021, Defendant ALLIANCEONE began calling Plaintiff to collect on the Credit Account repeatedly, often 2-3 times per day, nearly every day, and often using a pre-recorded and/or automated voice message. The collection calls were made to Plaintiff's cellular telephone.

29. Plaintiff sought out and retained an attorney to represent her with regards to the debts allegedly owed to the original creditor and collected upon by Defendant ALLIANCEONE.

30. On March 9, 2022, an associate attorney at BLC Law Center, APC drafted and

mailed a Cease-and-Desist letter to Defendant ALLIANCEONE, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call her via the use of an ATDS and/or recorded voice and/or automated voice, that Plaintiff had retained Counsel, and that ALLIANCEONE needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter").  The Letter referenced the last four digits of Plaintiff's social security number next to her name to help Defendant ALLIANCEONE identify Plaintiff's account.

31. The Letter was sent to the address listed on ALLIANCEONE's website as their address for mailing correspondences, via a third-party mailing service which certified its mailing.

32. The Letter informed ALLIANCEONE that Plaintiff was represented by Counsel, thus the letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to, serviced by, or collected upon, by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and the letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded and/or automated voice messages.

33. Despite ALLIANCEONE receiving the March 9, 2022 Letter, Defendant ALLIANCEONE continued to willfully call Plaintiff's cellular telephone and request payments using an automated voice message and/or a prerecorded voice message and/or Automated Telephone Dialing System ("ATDS"), often 2-3 times per day, almost every single day.

34. After receipt of the Letter, representatives of ALLIANCEONE continued to call Plaintiff over sixty (60) times on her cellular telephone, including via the use of and ATDS and/or Pre-Recorded Voice message.

35. Despite having received Plaintiff's Letter sent to Defendant ALLIANCEONE's

address for correspondences via a third-party mailing service that confirms and certifies their mailing, ALLIANCEONE's agents continued to call Plaintiff multiple times per day in rapid succession, often using a prerecorded and/or automated voice to collect said consumer debt from Plaintiff.

36. Defendant ALLIANCEONE, or its agents or representatives, contacted Plaintiff on her cellular telephone over sixty (60) times since March 9, 2022, including using an ATDS and/or prerecorded voice and/or automated voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

37. Many of Defendant ALLIANCEONE's calls to Plaintiff after receiving the letter contained an "artificial" and/or "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

38. The multiple calls made by ALLIANCEONE or its agents after March 9, 2022, were therefore made in violation of 47 U.S.C. § 227(b)(1).

39. The actions taken by Defendant ALLIANCEONE alleged herein were made as the agent(s) and/or sub-agent(s) of its client the original creditor, and all acts were committed in the scope of the agent(s) and/or sub-agent(s) employment and in furtherance of the client the original creditor' interests.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act**

**(15 U.S.C. § 1692 et. seq.)**

40. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

41. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the

general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

42. Further, 15 U.S.C. § 1692c(a)(2) states in pertinent part:

(a) …Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—…

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

43. When Plaintiff's Counsel sent the March 9, 2022 Letter to Defendant ALLIANCEONE, Defendant ALLIANCEONE was aware, or reasonably should have been aware that Plaintiff was represented by an attorney.

44. By calling Plaintiff on her cellular phone over sixty (60) times after receipt of the March 9, 2022, Letter from Plaintiff's Counsel, Defendant ALLIANCEONE violated 15 U.S.C. §§ 1692c(a)(2) and 1692d(5).

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

46. As a direct and proximate result of Defendant ALLIANCEONE's violations of 15 U.S.C. §1692 *et. seq.*, Plaintiff suffered emotional distress.

47. As a result of the constant collection calls by Defendant ALLIANCEONE on behalf of the original creditor, Plaintiff has experienced anxiety, irritability, as the constant and harassing collection calls by Defendant ALLIANCEONE are overwhelming. Therefore, Plaintiff has actual damages as a result of Defendant's violations of 15 U.S.C. §1692 *et. seq.*

## II.

## SECOND CAUSE OF ACTION

## Violations of California Rosenthal Fair Debt Collection Practices Act

## (California Civil Code § 1788 et. seq.)

48. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

49. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.  This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

50. When Plaintiff's Counsel sent the March 9, 2022 Letter to Defendant ALLIANCEONE, Defendant ALLIANCEONE was aware, or reasonably should have been aware that Plaintiff was represented by an attorney.

51. By calling Plaintiff on her cellular phone over sixty (60) times after receipt of the March 9, 2022 Letter from Plaintiff's Counsel, Defendant ALLIANCEONE violated Cal. Civ. Code §1788.14(c).  Therefore, the foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

52. As a result of the constant collection calls by Defendant ALLIANCEONE on behalf of the original creditor, Plaintiff has experienced anxiety, irritability as the constant and harassing collection calls by Defendant ALLIANCEONE are overwhelming.  Therefore, Plaintiff has suffered actual damasges as a result of Defendant's violations of Cal. Civ. C. § 1788 et. seq.

# III.
## THIRD CAUSE OF ACTION
### Negligent Violations of the TCPA
**(47 U.S.C. § 227 et. seq.)**

53. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

54. Through the March 9, 2022 Letter sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for ALLIANCEONE or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

55. The foregoing acts and omissions of Defendant ALLIANCEONE constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each one of the above-cited provisions of 47 U.S.C. § 227, *et. Seq*

56. As a result of Defendant ALLIANCEONE's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

# IV.
## FOURTH CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA
**(47 U.S.C. § 227 et. seq.)**

58. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

59. Through the March 9, 2022, Letter sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for ALLIANCEONE or its agents or representatives to call

Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

60. The foregoing acts of Defendant ALLIANCEONE constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

61. Therefore, since Defendant ALLIANCEONE or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, Defendant ALLIANCEONE's acts were willful.

62. As a result of Defendant ALLIANCEONE's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for each one of ALLIANCEONE's over sixty (60) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

63. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant ALLIANCEONE herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1), according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

d. As to the Second Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

e. As to the Second Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

f. As to the Second Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

g. As to the Third Cause of Action, $500 in statutory damages for each and every one of Defendant's over sixty (60) negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).

h. As to the Fourth Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's over sixty (60) knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C).

i. As to the Third and Fourth Causes of Action, injunctive relief prohibiting such conduct in the future.

j. For such other and further relief as the Court may deem just and proper.

Dated: September 1, 2022,                **BLC Law Center, APC**

s/ Ahren A. Tiller, Esq.
ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: September 1, 2022,　　　　　　　　　**BLC Law Center, APC**

*s/ Ahren A. Tiller, Esq.*
ahren.tiller@blc-sd.com

Ahren A. Tiller, Esq.
Attorney for Plaintiff